76  720
95  193

McCoy *et al.* v. The American Emigrant Company *et al.*

Appeal : DEFECTIVE ABSTRACT. An action triable *de novo* in this court cannot be considered on its merits where the abstract does not show all the pleadings on which the cause was tried, nor all the evidence. The claim of appellants that all the material evidence is abstracted is futile, for the materiality of the evidence is a question for the court.

*Appeal from Kossuth District Court.*—HON. GEORGE H. CARR, Judge.

FILED, OCTOBER 10, 1888.

THIS is an action in equity, by which the plaintiffs seek to quiet their alleged title to certain lands situated in Kossuth county. The defendants deny that the plaintiffs have any title to the land, and claim title in themselves, and pray that their title may be quieted. There was a decree for the defendants, and plaintiffs appeal.

*Clarke & Call*, for appellants.

*H. E. Long*, for appellees.

ROTHROCK, J.—The lands in controversy are what are known as "swamp lands." The plaintiffs are the heirs of one Franklin McCoy, who died intestate in the year 1874. It is claimed that he died seized of part of the land by virtue of a conveyance made by Asa C. Call to McCoy in August, 1862, and that he became the owner of the residue of the land by a conveyance from one Eckles McCoy, made in May, 1870. These deeds had not been recorded when the action was commenced. The defendants Callanan and Savery claim title by a chain of conveyances originating with deeds from Call and from Kossuth county. They also claim title to part of the land by virtue of a tax sale and deed.

It is claimed by appellees that the record, as presented in the abstracts, is defective, and that the appeal cannot be considered on its merits. We think the objection is well taken. The appellants' abstract does not contain an abstract of all the pleadings upon which the cause was tried. It embraces an amended and substituted petition. It being a substituted pleading, it is not required that prior petitions nor amendments should be abstracted. But the abstract of the answer to the

McCoy v. The American Emigrant Co.

substituted petition shows that there was an amendment to said petition. It (the amendment) appears to be answered. But without the amendment to the petition the answer is unintelligible. Again, the exhibits to the petition are not abstracted. The appellees filed an additional abstract, in which some evidence is set out; but they protest that with these additions the evidence is not all presented in the abstract. Counsel for appellants contend that all of the material evidence is abstracted. This is not sufficient. The materiality of the evidence is a question for the court to determine. The case is one which is exceedingly difficult to abstract. It involves the swamp-land transactions in Kossuth county, which have to some extent been explored by this court, and the federal courts in this state. So far as we are advised by this record, the plaintiffs are making claim to certain unimproved swamp land, for which their ancestor held unrecorded deeds for many years. Part of it appears to have been acquired by defendants upon tax titles. The plaintiffs and their ancestor never paid any taxes upon the land. The defendants, and those under whom they claim, have paid the taxes under a claim of ownership for every year since and including the year 1870. While it is true the non-payment of taxes is no bar to an action for the land, yet the claim of the plaintiff is not as persuasive as it would be if they had thought enough of it to record their deeds and pay the taxes. But we need not discuss the merits of the case. The decree of the district court will be

AFFIRMED.